IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.                                                           CIV 99-1210 SC/KBM
                                                               CR 97-568 SC

ERNEST SMITH,

    Defendant-Movant

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

    This matter is before the Court on Ernest Smith's Motion For Modification Of Sentence Pursuant To 28 United States Code Section § 2255.  *Doc. 1*.  Movant is counseled, both parties filed briefs that are thoroughly researched and documented, and the issues are straightforward. Smith's motion requests an evidentiary hearing but because it is possible to resolve the issues on the pleadings, that is not necessary.  I will not reiterate in detail what the parties have presented and instead will confine my remarks to set forth my reasoning.  Having considered the arguments, pleadings, and relevant law, and for the reasons set forth in the United States' response, I find the motion is not well-taken and recommend that it be denied.

    While being questioned at the U.S. Border Patrol checkpoint outside of Alamogordo, Smith panicked and bolted in his car, leading officers on an extremely dangerous high speed chase down the main road in Alamogordo.  Eventually he was stopped by a roadblock, demolishing two police cars in the process.  The trunk of Smith's car contained 339.2 pounds of marijuana.  Smith pleaded guilty and challenges that plea on two grounds:  the United States breached the plea

agreement by not moving for a downward departure based on substantial assistance; and ineffective assistance of counsel.

### Substantial Assistance Motion

Even if a defendant renders substantial assistance, the government is not obligated to move for a downward departure unless it bargains away its discretion. Whether it has done so turns on the language of the plea agreement. *E.g., United States v. Courtois,* 131 F.3d 937 (10th Cir. 1997). Smith characterizes the relevant portion of the plea agreement as providing that the government did not reserve any discretion in whether it could move for the departure if Mr. Smith cooperated. I disagree. In Section 7d of the agreement, the United States agreed that "in the event the defendant's continued cooperation results in the investigation and/or prosecution of other individual(s), the government in good faith *will consider filing* a motion on the defendant's behalf under Fed. R. Crim P. 35(b)." *Plea Agreement, ¶ 7d (emphasis added).*

The United States' response sets forth the reasons why it did not consider Smith's cooperation "substantial:" an agent believed Smith was not completely truthful; the quality of the information was poor; given Smith's "long and serious criminal history," due to his extreme behavior in fleeing the checkpoint, and fiscal reasons, the government was not willing to take Smith out of jail and drive him to Tucson to show them the locations he was talking about; and even after Smith's counsel hired a private investigator to confirm certain information, the government found the corroboration "insubstantial and often tangential." *Doc. 8 at 6-7.*

Because the United States retained discretion whether or not to move for a downward departure and has set forth a good faith basis for not moving, I find that the plea agreement was not breached and movant is, therefore, not entitled to an order compelling the United States to

execute Section 7d.

### Ineffective Assistance of Counsel

In his affidavit, Smith asserts that his trial attorney told him he would receive three to five years if he pleaded and cooperated, and that counsel never told him that he "would be considered a career offender or that [his] sentence would be enhanced." Smith further asserts that had he known the government would not move for a downward departure and that the career offender enhancement would be applied, "I would not have entered into to the plea agreement as written by the Government." *Doc. 1, Exh. E.*

This argument fails on both prongs of the *Strickland* test as it is applied in the context of collateral proceedings challenging a guilty plea. First, the record does not support Smith's assertion that he was unaware of the consequences of his plea. Section 7d was clearly discretionary. Both the plea agreement and the court proceedings prior to accepting his plea notified Smith that there were no sentence guarantees and that a career offender enhancement was possible. *E.g. Plea Transcript at 30-3*1. In fact, Smith testified during the plea colloquy that no one made him promises other than what was in the written plea agreement and that he understood the Court had the authority to impose the same sentence as if he had been convicted. *See id. at 33-38.*

Furthermore, Smith fails to establish prejudice, which is an independent basis for finding this claim without merit. To establish prejudice in the context of a guilty plea, Smith must demonstrate that he would have pleaded guilty and insisted on going to trial as well as that if he rejected the plea the outcome of the proceedings likely would have changed. *E.g, Hill v. Lockhart,* 474 U.S. 52, 59 (1985); *Braun v. Ward,* 190 F.3d 1181, 1188 (10th Cir. 1999), *cert.*

*denied,* 146 U.S. 803 (2000); *Miller v. Champion,* 161 F.3d 1249, 1256-67 (10th Cir. 1998). Smith does not allege that he would have insisted on going to trial – he contends that would not have entered the plea agreement as written. I also find that if he had the outcome of the proceedings would not have changed.

Wherefore,

**IT IS HEREBY RECOMMENDED THAT** Smith's Motion For Modification Of Sentence Pursuant To 28 United States Code Section 2255, *Doc. 1,* be denied and the action dismissed with prejudice.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE

Counsel for Movant:   Jeffrey Brandt
                      Victor Sizemore

Counsel for U.S.:     Gregory J. Fouratt

4