IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff-Respondent,

v.                                            CIV 99-1210 SC/KBM
                                             CR  97-0568 SC

ERNEST SMITH,

        Defendant-Movant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION RE: *APRENDI* CLAIM

On August 18, 2000, I filed Proposed Findings and Recommended Disposition concerning the merits of Defendant's § 2255 motion.  *Doc. 10.*  He filed objections, *Doc. 11,* and a separate motion to supplement or amend to raise a claim under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S. Ct. 2348 (2000).  *Doc. 12.*  Although I recommend granting the motion to amend, I find that *Apprendi* provides no relief to Smith.  I therefore recommend that the new claim also be denied.

### I.  Amendment Should Be Permitted

Section 2242 of Title 28 provides that an application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."  "The liberal granting of motions [under FED. R. CIV. P. 15(a)] reflects the basic policy that pleading should enable a claim to be heard on its merits."  *Calderon v. Kansas Dept. of Social & Rehabilitation Servs.,* 181 F.3d 1180, 1186 (10th Cir. 1999).  The United States does not object to amendment, arguing instead that the *Apprendi* claim should be denied on its merits.  *Doc. 14.*

Therefore, I find that the motion should be granted. *See Doe v. United States,* 112 F. Supp. 2d 398, 402 (D.N.J. 2000) (granting motion to amend although *Apprendi* claim ultimately found without merit).

## II.   Retroactive Application of *Apprendi* on Collateral Review is Unsettled

A preliminary question is whether *Apprendi* applies retroactively to cases on collateral review.  Generally new constitutional rules of criminal procedure only apply retroactively "to all cases, state or federal, pending on direct review or not yet final."  *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987).  I have found one decision that considers *Apprendi* a "substantive" rule and, therefore, not subject to the retroactivity analysis.  *Darity v. United States,* ___ F. Supp. 2d ___, 2000 WL 1804737 (W.D.N.C. 10/25/00).  Other decisions consider *Apprendi* to be a new procedural rule, but reach different conclusions in their retroactivity analyses.

The amendments to Title 28 governing statutes of limitation and successive petitions suggest that an *Apprendi* claim is not available to cases on collateral review until the Supreme Court applies it retroactively to a case involving collateral review.[1]  A recent unpublished Tenth Circuit decision notes one of these cases.  *United States v. Quarterman*, 2000 WL 1862684 at n.5 (10th Cir. 12/20/00) (citing *In re Joshua*, 224 F.3d 1281 (11th Cir. 2000).

This case does not involve a successive or untimely petition.  Under *Teague v. Lane*, 489 U.S. 288 (1989), a new rule of criminal procedure applies to cases on collateral review only if the

---

[1]  *See* 28 U.S.C. §§ 2244(b)(2)(A), 2244(d)(1), 2255 (statute of limitations runs from the "latest" of several options, one of which is "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;" similar language limiting successive petitions); *see also In re Joshua*, 224 F.3d at 1283 (11th Cir. 2000); *Sustache-Rivera v. United States,* 221 F.3d 8, 15-17 (1st Cir. 2000), *petition for cert. filed 10/23/00; Talbott v. State of Indiana,* 226 F.3d 866, 868-869 (7th Cir. 2000).

rule falls within one of the two narrow exceptions: (1) a rule that "places certain kinds of primary, private individual conduct beyond the power of the criminal-law making authority to proscribe," or (2) a rule that "requires the observance of those procedures that . . . are implicit in the concept of ordered liberty."  *Tillman v. Cook,* 215 F.3d 1116, 1121 (10th Cir. 2000), *cert. denied,* 2000 WL 1578177 (12/11/00).  Clearly, the first exception does not apply to the rule announced in *Apprendi*.

To qualify under the second *Teague* exception, the new rule must both "relate to the accuracy of the conviction" and "alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding."  *Id.*  I have located only one federal court decision finding *Apprendi* falls within the second exception.  *See United States v. Murphy,* 109 F. Supp. 2d 1059 (D. Minn. 2000).  Other decisions hold it does not.[2]  However, since the panel in *Quarterman* addressed an *Apprendi* claim in the context of a pending § 2255 motion, I will address the viability of the *Apprendi* claim here as well.

### III.  *Apprendi* Claim Should Be Rejected

#### A.  Background - The Structure of 21 U.S.C. § 841

Section 841(a) criminalizes drug offenses without reference to quantity.  The authorized penalties for violation of Section 841(a) are set forth in Section 841(b)(1).  Count I of the Indictment charged Smith with:

> unlawfully, knowingly and intentionally  possess[ing] with intent to

---

[2] *See Jones v. Smith,* 231 F.3d 1227 (9th Cir. 2000) (declining to apply *Apprendi* retroactively "insofar as it effects discrepancies between an information and jury instructions"); *United States v. Brown,* 2000 WL 1880280 (N.D. Tex. 12/28/00) (denying motion to amend first § 2255 petition because *Apprendi* does not apply retroactively); *United States v. Johnson,* ___ F. Supp. 2d ___, 2000 WL 1801401 (D. Neb. 12/7/00) (*Apprendi* does not apply retroactively under *Teague*); *United States v. Joseph,* 2000 WL 1789989 (E.D. La. 12/5/00) (same); *United States v. Pittman,* ___ F. Supp. 2d ___, 2000 WL 1708962 at *5 (D. Or. 11/15/00) (same).

>    distribute 100 and more kilograms of Marijuana, a Schedule I
>    controlled substance.  In violation of 21 U.S.C. § 841(a)(1) and
>    21 U.S.C. § 841(b)(1)(B).

*Doc. 1, Exh. A.* Pursuant to his guilty plea on Count I of the indictment, Defendant received a sentence of 188 months incarceration (or 15 ½ years) and four years supervised release. *Doc. 1, Exh. F.*

Determining the applicable sentencing provision is both a "drug dependent" and a "quantity dependent" inquiry. Because marijuana is a Schedule I drug, *see* 21 U.S.C. § 812(c)(10), subsections (A), (B), (C), and (D) of § 841(b) are the potentially applicable sentencing provisions.[3] Section 841(b)(1)(A) applies to 1000 kilograms or more and carries a maximum life sentence. The sentencing section under which Defendant was indicted, § 841(b)(1)(B), applies to 100 kilograms or more and carries a maximum sentence of forty years. Section 841(b)(1)(D) applies to less than 50 kilograms and carries a maximum sentence of five years. Section 841(b)(1)(C) is the "catch all" provision for unspecified amounts of Schedule I drugs. It provides that for "a controlled substance in schedule I . . . except as provided in subparagraphs (1)(A),(B), and (D), such person shall not be sentenced to a term of imprisonment of not more than 20 years."

## B.  Constitutionality of § 841(a)

Defendant argues that § 841(a)(1) is unconstitutional because *Apprendi* requires drug quantities be treated as elements of an offense, submitted to the jury, and proven beyond a reasonable doubt. Smith argues that his plea, therefore, was involuntary because it was entered

---

[3] It is not necessary for the purposes of this recommendation to discuss the enhanced maximum sentences under these sections when, for example, prior felonies are involved.

"under the false assumption regarding the government's burden of proof on the drug amount involved." *Doc. 13 at 6; see also Doc. 15 at 2.* Defendant seeks to have his plea vacated and either remanded for a new trial or for sentencing under § 841(b)(1)(D). *Doc. 13 at 7; see also Doc. 12 at 1.*

Yet *Apprendi* found that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime ***beyond the prescribed statutory maximum*** must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. 466 at ___, 120 S. Ct. at 2362-63 (emphasis added). On a remand from the U.S. Supreme Court in light of *Apprendi*, the Tenth Circuit held that

> the quantity of drugs involved in a violation of § 841 is an essential element of the offense ***if*** that fact exposes the defendant to a heightened maximum sentence under § 841(b)(1)(A) or (B). A district court may not impose a sentence in excess of the maximum set forth in 21 U.S.C. § 841(b)(1)(C) unless the benchmark quantity of cocaine base for an enhanced penalty is alleged in the indictment in addition to being submitted to the jury and proven beyond a reasonable doubt. *See United States v. Kovach*, 208 F.3d 1215, 1218 (10th Cir. 2000) ("To pass constitutional muster, an indictment must contain all the essential elements of the charged offense.").

*United States v. Jones*, ___ F.3d ___, 2000 WL 1854077 (10th Cir. 2000) (cocaine base) (emphasis added). Thus, under *Apprendi,* the question is whether the sentence imposed exceeded the applicable statutory maximum. Neither *Apprendi* nor *Jones* stand for the proposition that § 841(a) is unconstitutional on its face, and I am unaware of any case that has so held based upon *Apprendi.*

### C. Smith's Plea Was Voluntary

Consistent with *Apprendi,* the indictment **did** charge Defendant with the specific quantity

5

of marijuana which could subject him to enhanced punishment.  Prior to entry of his guilty plea, Defendant was advised of the possible penalties under § 841(b)(1)(B), plus the fact that prior convictions would subject him to sentencing as a career offender.  *See Doc. 1, Exh. B at ¶ 4; Doc. 8, Exh. 5 at 25, 30-31.*

A failure to advise a defendant of the elements of a crime to which he is pleading can invalidate a plea.  *See e.g., Henderson v. Morgan,* 426 U.S. 637 (1976); *Miller v. Champion,* 161 F.3d 1249 (10th Cir. 1998).  Although *Apprendi* had not been decided before Smith's conviction became final, the Court did advise Defendant that the United States was required to prove quantity beyond a reasonable doubt:

> COURT:  Mr. Smith, before you could be convicted on the crime charged in Count I of the indictment filed against you, the Government would have to prove the following by competent evidence and *beyond a reasonable doubt:*  No. 1, that you knowingly and intentionally possessed a controlled substance.  The Government would have to prove that that controlled substance was marijuana; and *the Government would have to prove that the quantity of the marijuana was 100 kilograms or more;* and the Government would have to prove that the possession – your possession of that marijuana was with the intent to distribute it – that is, with the intent to transfer it to someone else; and that the Government would have to prove this possession occurred on or about September 8,1997, in Otero county, in the State and District of New Mexico.  Is that understood?
> DEFENDANT SMITH:  Yes, sir.

*Doc. 8, Exh. 5 at 21 (emphasis added).*  Accordingly, I find no basis for finding his plea was involuntary based on any retroactive application of *Apprendi.*

### D.  *Apprendi* Inapplicable On The Facts

There is authority in this circuit and others standing for the proposition that the governing

6

applicable statutory maximum is that which is supported by a defendant's admission.[4]  At the pleas proceedings, Smith pled guilty under oath, saying that he "was transporting marijuana," "approximately 340 pounds" of it, and that he "was going to turn it over to some other people." *Doc. 8, Exh. 5 at 42.*

In *United States v. Hishaw*, ___ F.3d ___, 2000 WL 1862788 (10th Cir. 2000), the Tenth Circuit found no *Apprendi* violation in the context of plain error on direct appeal.  There, defendant admitted at trial that he possessed the amount of cocaine established by the government's witness.  The panel found that this admission made § 841(b)(1)(B) the applicable sentencing provision, and upheld defendant's sentence because it fell within its forty-year maximum sentence of incarceration.  *See also In re: Green,* 2000 WL 1683480  (D.C. Cir. 10/19/00) (per curiam) ("movant stipulated to the quantity of drugs in question, so that was not a fact to be determined by the jury.").

Similarly, Smith admitted under oath to possessing 340 pounds of marijuana, and his fifteen-year sentence falls within the forty-year maximum of § 841(b)(1)(B).[5]  Thus, under

---

[4]  It appears to this Court, however, that the Tenth Circuit feels that the admission must have some indicia of reliability to substitute for a jury's finding of the *Apprendi* factor beyond reasonable doubt.  For instance, an admission of drug quantity made under oath at a plea proceeding can qualify.  *See United States v. Wilson*, 229 F.3d 1165 (10th Cir. 2000).  The Defendant's admission during trial testimony under oath may also suffice.  *See United States v. Hishaw*, __ F.3d __, 2000 WL 1862788 (10th Cir 2000).  However, the Tenth Circuit has refused to rely on an admission during sentencing proceedings for such a purpose.  *See United States v. Keeling*, __ F.3d ___, 2000 WL 1843242 (10th Cir. 2000), *citing United States v. Nordby*, 225 F.3d 1053, 1059 (9th Cir.2000).

[5]  Some decisions have found that the five-year maximum set forth by § 841(b)(1)(D) or an even lesser penalty set forth in one of its subsections (not at issue here) supply the applicable sentencing provision when marijuana is involved.  These cases involved jury trials, however, and were not in the context of a guilty plea.

*Hishaw* and other similar decisions,[6] I find that the enhanced penalty could be applied without offending the new rule announced in *Apprendi*.

Wherefore,

IT IS HEREBY RECOMMENDED that Defendant's motion to amend be granted but that his *Apprendi* claim be found without merit.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE

---

[6] *See United States v. Smith,* ___ F.3d ___, 2000 WL 1520625 n. 1 (4th Cir. 10/13/00) (unpublished) ("because Appellants pled guilty to an indictment charging them with a conspiracy to distribute fifty grams or more of crack cocaine, they were properly sentenced under 21 U.S.C. § 841(b)(1)(A)"); *Doe,* 112 F. Supp. 2d at 403 ("petitioner was not sentenced under an additional statute, not referenced indictment and plea agreement, as the case was in *Apprendi*. . . . The government did not move the court to enhance petitioner's penalty under a collateral law; and the court did not make any finding of guilt not already conceded by petitioner in the plea agreement."); *United States v. Wheeler,* 2000 WL 1679421 (D. Kansas 11/7/00) ("defendant pled guilty to the sale of 22.51 grams of crack cocaine . . . His sentence is statutorily controlled by 21 U.S.C. § 841(b)(1(B)(ii), which provides for a sentencing range of five to forty years. . . . defendant was sentenced to a term of imprisonment of seventy-eight months. His sentence falls well below the statutory maximum of forty years. Therefore . . . *Apprendi* is inapplicable.").